UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KODY DEAN BUTTERFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN YOUNG, WARDEN, South Dakota State Penitentiary, in his individual and official capacity; and ART ALLCOCK, Associate Warden, South Dakota State Penitentiary, in his individual and official capacity;<br><br>Defendants. | 4:17-CV-04162-RAL<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff, Kody Dean Butterfield, is an inmate at the South Dakota State Penitentiary in Sioux Falls. On November 30, 2017, Butterfield filed a pro se civil rights lawsuit under to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 1; Doc. 2. The court granted Butterfield's motion to proceed in forma pauperis and Butterfield paid an initial partial filing fee. Doc. 8; Doc. 9. This Court has screened Butterfield's complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court dismisses Butterfield's complaint.

I. FACTS ALLEGED IN THE COMPLAINT[1]

According to the complaint, Butterfield was diagnosed with gender dysphoria and participates in psychotherapy. Doc. 1 at p. 4. Butterfield claims defendants "refused all treatments that deal with gender dysphoria." *Id.* Butterfield's requests for hormones and gender reconstructive

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Butterfield's Complaint, which this Court must take as true on initial screening. *Beck v. LaFleur*, 257 F.3d 764, 765 (8th Cir. 2001) (citation omitted).

surgery have been denied preventing Butterfield's gender dysphoria from being properly treated. Butterfield is forced to conform as male and not as a female. *Id.*

Butterfield receives poor treatment when wearing a feminine hair style or makeup. *Id.* at p. 5. Butterfield received a disciplinary write-up for wearing makeup. *Id.* Butterfield has not received any feminine, personal items such as panties, bras, makeup, hygiene products. *Id.* Finally, Butterfield does not have access to a single shower. *Id.*

## II. LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[ ] to state a claim on which relief may be granted; or (2)

seek[ ] monetary relief from a defendant who is immune from such relief." *See also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

### III. DISCUSSION

#### A. Count I – Medical Care

Butterfield alleges that defendants violated Butterfield's Eighth Amendment rights by denying hormone-replacement therapy and gender reconstructive surgery. "A prima facie case alleging . . . deliberate indifference requires the inmate-plaintiff to demonstrate that [he] suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (citation omitted). The *Reid* case involved facts similar to this one. Reid, the prisoner plaintiff, sought hormone-replacement therapy and raised claims similar to Butterfield's. *Id*. The United States Court of Appeals for the Eighth Circuit upheld the district court's grant of summary judgment because Reid did not establish that the defendants' conduct constituted deliberate indifference. *Id*. Although *Reid* was decided under the summary judgment standard rather than on initial screening, the Eighth Circuit found that because Reid was evaluated by mental health professionals and not diagnosed with gender identity disorder nor denied treatment completely, Reid's allegations amounted to a mere disagreement over diagnoses and treatment decisions and were therefore not actionable under § 1983. *Id*. The court stated that Reid was not entitled to hormone-replacement therapy under the law. *Id*. at 1193.

The crux of *Reid* was whether the plaintiff alleged denial of treatment or mere disagreement with a medical professional's diagnosis or treatment decision. Other district courts in the Eighth Circuit have decided inmate claims based on this distinction. *Compare Derx v. Kelley*, No. 5:17CV00040-JM-JJV, 2017 WL 2874627, at *4 (E.D. Ark. June 19, 2017), *report and*

3

*recommendation adopted*, No. 5:17CV00040-JM, 2017 WL 2874314 (E.D. Ark. July 5, 2017) (dismissing claims when prisoner was treated but disagreed with the doctors' decision to deny hormone therapy specifically), *with Brown v. Dep't of Health & Human Servs.*, No. 8:16CV569, 2017 WL 944191, at *4 (D. Neb. Mar. 9, 2017) (finding that plaintiff may state a claim by "generally allege[ing] that she suffer[ed] from an objectively serious medical need" because defendants "refused evaluation and treatment for [her] condition").

Here, Butterfield fails to state a claim. Butterfield merely alleges that defendants denied hormone-replacement therapy and gender reconstructive surgery. Butterfield does not allege that defendants denied all treatment or that defendants denied hormone-replacement therapy without evaluation as in *Brown*. In fact, Butterfield claims to have a diagnosis and participates in psychotherapy. Doc. 1 at p. 4. Thus, Butterfield's first count is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### B. Count II – Threat to Safety

Butterfield also alleges that defendants deliberately disregarded the threats to Butterfield's safety. Prison officials may be found deliberately indifferent if they fail to protect prisoners who are obvious victims. *See Farmer v. Brennan*, 511 U.S. 825 (1994) (placing a young, non-violent, feminine-appearing transgender prisoner in general population in a high-security prison with a history of violence); *Greene v. Bowles*, 361 F.3d 290, 294-5 (6th Cir. 2004) (placing a transgender prisoner in a "protective custody" unit containing high-security prisoners). The plaintiff in *Farmer* was a transsexual placed in the general population and subsequently raped by another inmate. *Farmer*, 511 U.S. at 829-30. The Court concluded that a plaintiff need not allege that prison officials knew that plaintiff was "especially likely to be assaulted by the specific prisoner who

eventually committed the assault" in order to state a cause of action under the Eighth Amendment. *Id.* at 843.

Butterfield claims to receive poor treatment when wearing feminine hair styles. Doc. 1 at p. 4. Butterfield also received a write up for wearing makeup. *Id.* Butterfield claims to not have access to a single shower or female clothing or hygiene products. *Id.* Butterfield fails, however, to explain how the alleged poor treatment threatens Butterfield's safety or that defendants are the parties responsible for the poor treatment. Thus, Butterfield's second count is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### C. Strike Under § 1915(g)

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Butterfield fails to state a claim upon which relief may be granted, and his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, Butterfield is assessed a strike under § 1915(g) for filing this complaint. Accordingly, it is

ORDERED that the Butterfield's complaint is dismissed without prejudice. It is further

ORDERED that this action constitutes a strike against Butterfield for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

DATED April __5__, 2018.

                              BY THE COURT:

                              _____
                              ROBERTO A. LANGE
                              UNITED STATES DISTRICT JUDGE